## MRS. M. A. FERGUSON v. STATE.

No. A-4023.   Opinion Filed May 5, 1923.
(214 Pac. 746.)

(Syllabus.)

**Intoxicating Liquors—Evidence to Support Conviction for Maintaining Liquor Nuisance.** Evidence examined, and held sufficient to support the verdict and judgment, and further held that no reversible error is presented.

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

Mrs. M. A. Ferguson was convicted of maintaining a liquor nuisance, and she appeals. Affirmed.

Charles H. Garnett and Ben F. Williams, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from the county court of Oklahoma county wherein the plaintiff in error, Mrs. M.

A. Ferguson, hereinafter referred to as defendant, was jointly informed against with one J. D. Johnson, charged with maintaining, on the 27th day of January, 1921, and for a long time prior thereto, a liquor nuisance on the premises located at 218 West Avenue A, in Capitol Hill, Oklahoma county, Okla. The case was tried to a jury in March, 1921, and both defendants found guilty, and each sentenced to pay a fine of $250, and to be imprisoned in the county jail for a period of 60 days. Mrs. M. A. Ferguson alone prosecutes this appeal.

Succinctly stated, the evidence on behalf of the state was substantially as follows: On the 27th day of January, 1921, officers from the sheriff's office of Oklahoma county made a raid on the premises of this defendant located at 218 West Avenue A. Capitol Hill, and, under authority of a search warrant, searched said premises. The defendant and also her codefendant, J. D. Johnson, were present at the time the search was made. The search resulted in the finding of a copper still hidden under the floor of the house beneath a trapdoor which had been cut through the floor of a closet in one of the bedrooms of the house. This still had the appearance of having been recently operated, as some corn whisky was found remaining in the worm thereof. The defendant Johnson was discovered carrying a gallon jug full of corn whisky out of the back door of the premises at the time the raid was made; also a fruit jar containing a quantity of corn whisky was discovered hidden under some kaffir corn in a shed located at the back end of the premises. Numerous witnesses who were residents of the vicinity of the premises testified that Mrs. Ferguson had been living there for about one year prior to the time of the search; that men and women in automobiles made frequent visits to the premises at all hours of the day and night; that the premises had the general reputation of being a place where intoxicating liquors were manufactured,

bartered, sold, and given away in violation of law and where people congregated to drink the same; that numerous empty whisky bottles and whisky glasses were found on the premises at the time of the raid.

Both defendants denied any knowledge of the presence of the illicit still under the floor of the house or any knowledge of the trapdoor having been built in the floor of the closet or any knowledge of the presence of whisky on the premises. Johnson admitted that he was a carpenter by trade, and that he had been rooming on the premises for several months prior to the raid, and Mrs. Ferguson testified that she was keeping a rooming house there, and had during the year previous to the raid kept numerous roomers in the house for periods of time ranging from one day to several months, and that she could only account for the presence of the still by the fact that it must have been put there during her absence on a visit to the state of Texas, which visit occurred about a month prior to the date of the raid.

Among other assignments of error, it is contended that the evidence as to this defendant is insufficient to sustain the verdict and judgment. With this contention we cannot agree. There is ample evidence in the record to support a conviction under the liquor nuisance statute.

It is also contended that the trial court erred in overruling the application of this defendant for a continuance of the trial of the cause on account of the absence of certain witnesses. The trial judge permitted the defendant to read what was stated would be the testimony of one such absent witness as a deposition. Under the showing made this action upon the part of the trial court was very favorable to the defendant, as no proper diligence was shown to procure the attendance of the witnesses prior to the trial. A care-

ful consideration of the motion and application for a continuance discloses that there was no abuse of discretion in overruling the same as to other witnesses.

Further it is contended that the evidence as to the general reputation of the place for being a place where intoxicating liquors were manufactured, sold, and kept, etc., in violation of law, was improperly admitted because such general reputation did not relate to the time of the raid or to the time the place was kept by this defendant. Upon examination of the record, however, this court is convinced that such assignment of error is not supported by the record, as the transcript of the evidence discloses that the defendant, Ferguson, sold the premises immediately after the raid, and that the witnesses testified to such reputation during the time she was living on the premises and maintaining the same.

The conclusion is reached that the defendant had a fair and impartial trial, and that the verdict and judgment is supported by sufficient evidence, and that no error of law occurred during the progress of the trial sufficient to authorize a reversal of the judgment.

For reasons stated, the judgment is affirmed.

DOYLE and BESSEY, JJ., concur.